IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| MEMPHIS CENTER FOR | ) | |
| INDEPENDENT LIVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-2121-STA-cgc |
| | ) | |
| WOODGLEN VILLAGE | ) | |
| APARTMENTS PARTNERSHIP, | ) | |
| BRUCE LARSON, CAROMA | ) | |
| CONSTRUCTION COMPANY, INC., | ) | |
| READY ARCHITECT ASSOCIATION, | ) | |
| MCCASKILL & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Defendants' separate Motions to Dismiss (D.E. # 15, 16), filed on May 11, 2009. On October 19, 2009, the Magistrate Judge recommended that Defendants' Motions be granted and the case be dismissed (D.E. # 25). Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation on October 30, 2009. Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the case, the Court hereby **ADOPTS** the Magistrate Judge's Report and **GRANTS** the Motions to Dismiss and **DENIES** the request for leave to amend.

**BACKGROUND**

In its Amended Complaint, Plaintiff has alleged the following: Plaintiff Memphis Center

1

for Independent Living ("MCIL") is a community-based, not-for profit organization organized under the laws of the State of Tennessee, and located in Memphis, Shelby County, Tennessee. *Id*. The mission of MCIL is to facilitate the full integration of persons with disabilities into all aspects of community life. *Id*. One major element of that mission is to ensure that people with disabilities have the fullest access to and enjoyment of rental housing as required by law. *Id*. Courts have held that advocacy groups like MCIL have standing to bring an action for violations of the Fair Housing Act or the American with Disabilities Act. *Id*.

Defendants collectively were responsible for the design and/or construction of the Woodglen Village Apartments. *Id*. at ¶¶ 5-9. Woodglen Village Apartments is located at 989 Stage Road and/or 2820 Hibiscus Lane, Memphis, Tennessee 38127. *Id*. at ¶ 10. It is an apartment complex with 72 dwelling units, designed and constructed for occupancy after March 13, 1991. *Id*. Woodglen Village Apartments was built in 2005. *Id*. at ¶ 11. Each of Woodglen Village Apartments' units is a "dwelling" within the meaning of 42 U.S.C. § 3602(b). *Id*. at ¶ 12. Woodglen Village does not comply with the ADA or the FHA in that it does not have a pedestrian accessible route from the street into the apartment complex. *Id*. at ¶ 13. The complex does not have pedestrian walkways. *Id*. at ¶ 14. There is no pedestrian access to the playground. *Id*. at ¶ 15. There is no pedestrian access to the dumpster. *Id*. at ¶ 16. Woodglen Village Apartments' ground-floor units are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(B), and are subject to the design and construction requirements of 42 U.S.C. § 3604(f)(3)(C). *Id*. at ¶ 17. The complex also has a rental office, mailboxes, dumpsters, and, other areas that are "public accommodations" within the meaning of 42 U.S.C. §1281(7)(E). *Id*.[1]

---

[1] The Court notes that the actual code section is 42 U.S.C. § 12181(7)(E).

As a direct and proximate result of these violations, MCIL asserts that Defendants "have caused and continue to cause harm to. . . MCIL by frustration of its mission to advance and secure equal opportunity in housing for all persons and by the diversion of its scarce resources to investigation of and counteraction to the discriminatory acts of Defendants." *Id*. at ¶ 24, 34.

The Magistrate Judge has recommended that the Court grant Defendants' Motions to Dismiss. More specifically, the Magistrate Judge concluded that Plaintiff lacks standing to bring this suit because Plaintiff has failed to allege with specificity an injury in fact. The Magistrate Judge found that the Amended Complaint failed to allege any injury arising from Plaintiff's investigation and efforts to counteract the violations separate from the instant litigation. The Magistrate Judge also considered Plaintiff's Response brief where Plaintiff argued that its investigation caused it to divert "significant monetary and human resources from other programs." Otherwise, Plaintiff failed to offer any factual support for its contentions about injury in fact. The Magistrate Judge went on to find other cases from this Circuit cited for support by Plaintiff to be distinguishable from the allegations in this case. For instance, the Magistrate Judge noted that in a housing discrimination case, a public-interest organization had established standing where it submitted an affidavit of the expenses incurred apart from its litigation.[2] Concerning Plaintiff's request to amend, the Magistrate Judge recommended that the Court deny this request because Plaintiff had failed to propose any amendments or explain how any additional allegations would establish standing.

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation to grant Defendants' Motions to Dismiss and deny Plaintiff's request to

---

[2] *Hooker v. Weathers*, 990 F.2d 913 (6th Cir. 1993).

3

amend. Plaintiff begins by emphasizing that the Court should interpret the ADA and the FHA broadly in order to fulfill the remedial objectives of each statute. Plaintiff then reviews a series of Supreme Court cases construing the standing requirements for plaintiffs alleging violations of the FHA. Plaintiff argues that it has alleged facts similar to those alleged in other cases where the Sixth Circuit has found that the plaintiffs had standing to pursue their claims. For instance, Plaintiff states, "it is clear that both MCIL and [the plaintiff in *Fair Housing Council, Inc. v. Village of Olde St. Andrews, Inc.*, 210 Fed. Appx. 469 (6th Cir. 2006)] employed and trained persons to test a particular property in order to discern its compliance with applicable law." Plaintiff argues that it incurred injury when it "sent a surveyor to assess the accessibility of apartment complexes such as Woodglen Village." In the course of discussing the applicable standard of review, Plaintiff claims that the Magistrate Judge erred by stating that the Court did not have to "accept the presumptions or legal conclusions relied upon by plaintiff to justify the claim." Plaintiff recites a number of allegations which should be accepted as true, including that the violations of the ADA and FHA at Woodglen Village have frustrated Plaintiff's "mission to advance and secure equal opportunity in housing for all persons and by the diversion of its scarce resources." Based on its allegations, Plaintiff explains that it suffered an injury in fact because it had to employ and train a person to investigate Woodglen Village and other properties. Plaintiff contends that it does not investigate properties in contemplation of litigation. Finally, Plaintiff argues that leave to amend a pleading should be granted freely and that the Magistrate Judge erred in recommending that leave to amend not be granted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review for "dispositive" motions excepted in § 636(b)(1)(A) such as motions to dismiss.[3]

## ANALYSIS

The Magistrate Judge correctly noted that standing is "the threshold question in every federal case."[4] The Supreme Court has stated that the standing requirement limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into "a vehicle for the vindication of the value interests of concerned bystanders."[5] The party invoking federal subject matter jurisdiction bears the burden to demonstrate all of the elements of Article III standing including injury in fact.[6]

As an initial matter, Plaintiff argues that the Magistrate Judge misapplied the standard of review applicable to motions under Rule 12(b)(6), which Plaintiff argues is identical to the standard of review for Rule 12(b)(1) motions. Defendants brought their respective Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The Court finds Plaintiff's assignment of error to be without merit. Where a defendant challenges a plaintiff's standing to bring suit, the Court should first consider whether it has subject matter jurisdiction pursuant to Rule 12(b)(1) before it

---

[3] *United State v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1).

[4] *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

[5] *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *United States v. SCRAP,* 412 U.S. 669, 687, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)).

[6] *Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2006).

considers the substantive merits of a pleading pursuant to Rule 12(b)(6).[7] Plaintiff has the burden of proving jurisdiction in order to survive the Rule 12(b)(1) motion and must plead the elements of standing with specificity.[8] "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face or attack the factual basis for jurisdiction.[9] Where there is a facial challenge to standing, the Court must consider all of the allegations in the complaint as true.[10] Where there is a factual challenge to standing, the Court may consider evidence outside the pleadings to resolve factual disputes and must weigh the evidence.[11] It appears to the Court that Defendants' Motions are based on the allegations of Plaintiff's Amended Complaint, and not facts outside of the pleadings. Plaintiff has not presented any additional facts for the Court's consideration of the jurisdiction issue. Therefore, the Court must confine its analysis to the allegations of the Amended Complaint itself where Plaintiff has the burden of pleading facts with specificity that would establish its standing.

The Court holds that the Magistrate Judge applied the correct standard of review and accepted the allegations of the Amended Complaint as true. Plaintiff argues that had the Magistrate Judge simply accepted all of the assertions in the Amended Complaint as true, the Magistrate Judge should have held that Plaintiff has alleged an injury in fact and has standing to

---

[7] *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Coal Operators and Assoc., Inc., v. Babbitt*, 291 F.3d 912 (6th Cir. 2002).

[8] *Coal Operators*, 291 F.3d at 916; *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

[9] *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004), *cert. denied,* 544 U.S. 961, 125 S.Ct. 1733, 161 L.Ed.2d 603 (2005).

[10] *Id*.

[11] *Id*.

6

pursue its claims. However, Plaintiff ignores the fact that under the Rule 12(b)(1) standard, Plaintiff bears the burden to allege with specificity the facts that caused it injury in fact and the burden to demonstrate standing. The only allegation of the Amended Complaint concerning injury to Plaintiff was the contention that Defendants "have caused and continue to cause harm to Plaintiff MCIL by frustration of its mission to advance and secure equal opportunity in housing for all persons and by the diversion of its scarce resources to investigation of and counteraction to the discriminatory acts of Defendants." Am. Compl. ¶¶ 24, 34. The Magistrate Judge concluded that "the Amended Complaint does not clearly assert whether any of the alleged injuries sustained by the investigation and counteraction are independent of the costs of the litigation."[12]

The Court agrees. As the Magistrate Judge correctly held, the Sixth Circuit requires that an organization must show some diversion of resources that is independent of the costs of litigation, although costs of pre-litigation investigations may form the basis for standing.[13] Here Plaintiff has the burden to establish the jurisdictional requirements of standing and to plead with specificity the facts which would demonstrate injury in fact. Plaintiff has failed to allege that any of its resources were diverted to investigate or counteract Defendants' alleged actions prior to litigation and independent from this litigation. In fact, Plaintiff has offered only a general allegation about its investigation and counteraction of Defendants' discriminatory acts.

This lack of specificity makes the allegations in the Amended Complaint in the case at

---

[12] Report on Defs.' Mots. Dismiss, Oct. 19, 2009, 5.

[13] *DLX*, 381 F.3d at 516 (citing *Hooker v. Weathers*, 990 F.2d 913, 915 (6th Cir. 1993); *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 943 F.2d 644, 646 (6th Cir. 1991)).

bar distinguishable from other cases in which the Sixth Circuit has held that an organization had adequately alleged an injury in fact and thus had standing. For example, Plaintiff cites for support *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, and characterizes the allegations in that case as "factually indistinguishable" from those in Plaintiff's Amended Complaint. The Court finds this comparison unavailing. First, neither the district court nor the Sixth Circuit actually recited the specific allegations of the complaint in *Housing Opportunities*. The issue of standing was never considered by the district court, which dismissed the complaint for failure to state the substantive claims pursuant to Rule 12(b)(6).[14] The Sixth Circuit briefly considered the plaintiff's standing but did so without quoting the actual allegations of the complaint.[15] As a result, the Court cannot compare the actual allegations in that case to the allegations in the case at bar. The Sixth Circuit simply summarized the allegations of injury in *Housing Opportunities* as follows: the defendant's discriminatory acts had "deterred potential renters from seeking housing at the advertised complexes" and caused the organization "to devote resources to investigate and negate the impact of these advertisements."[16] Although Plaintiff's Amended Complaint tracks in part this summary language from *Housing Opportunities*, Plaintiff never alleges that actual housing seekers were deterred from obtaining housing at Woodglen Village or came to Plaintiff for aid in addressing the situation at Woodglen Village. Therefore, Plaintiff's allegations lack the specificity required to demonstrate that

---

[14] *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 731 F.Supp. 801 (S.D. Ohio 1990) (granting Rule 12(b)(6) motion to dismiss substantive claims without considering standing of plaintiff)

[15] *Housing Opportunities*, 943 F.2d at 646.

[16] *Id.*

Plaintiff's alleged injuries were incurred apart from this litigation.

Plaintiff also cites for support *Hooker v. Weathers*, where the organization specifically alleged that "Fair Housing Contact Service conducted an investigation, and confirmed the facts and circumstances alleged [in the complaint]."[17] The Sixth Circuit held that the plaintiff had standing because it had "devoted resources to investigating the defendants' practices and alleges that it has confirmed that defendants do discriminate on the basis of familial status."[18] In contrast, Plaintiff's Amended Complaint lacks this specific kind of allegation of pre-litigation expense and diversion of resources constituting an injury in fact in satisfaction of the standing requirement. Plaintiff only generally alleges that it has had to divert resources to "investigate and counteract" the discriminatory acts of Defendants. Therefore, the Court agrees with the Magistrate Judge that *Hooker* is distinguishable.

Finally, Plaintiff has cited *Fair Housing Council, Inc. v. Village of Olde St. Andrews, Inc.* for support.[19] Unlike the case at bar, the court in *Fair Housing Counsel* considered a motion for summary judgment and was presented with evidence on the standing issue.[20] The record showed that the organization had suffered an injury in fact because it had diverted resources for training testers and employing them to investigate suspected discrimination at a housing complex.[21] The Court finds that Plaintiff's contention that its Amended Complaint contains similar allegations

---

[17] *Hooker*, 990 F.3d at 915 (reversing the district court's dismissal of the complaint for lack of standing).

[18] *Id*.

[19] 210 Fed. Appx. 469 (6th Cir. 2006).

[20] *Id*. at 471.

[21] *Id*. at 478.

concerning the cost of training and employing testers is totally without support.  Plaintiff has merely alleged "the diversion of its scarce resources to investigation of and counteraction to the discriminatory acts of Defendants" without reference to training or employing a tester.  Therefore, the Court fails to see how *Fair Housing Counsel* supports Plaintiff's position.

Based on Defendants' facial challenge to Plaintiff's standing, Plaintiff has failed to allege its injury in fact with the specificity required to establish standing.  Therefore, the Court **ADOPTS** that portion of the Magistrate Judge's Report and Recommendation.[22]

Plaintiff has further objected to the Magistrate Judge's recommendation that Plaintiff's request to amend its Amended Complaint be denied.  The Magistrate Judge found that Plaintiff had failed to submit a proposed amendment in connection with its request to amend and so recommended that leave to amend be denied.  The Magistrate Judge observed that Plaintiff requested leave apparently in order "to assert additional factual bases to satisfy the standing requirement."  However, the Magistrate Judge stated

> In this case, MCIL did not propose any amendment to the complaint for the Court's consideration.  Further, MCIL did not elaborate in any way as to what the substance of the proposed amendments would be and how the proposed amendments would establish that

---

[22] The Magistrate Judge also considered "other materials" related to the standing issue, including statements in Plaintiff's briefs.  Report on Defs.' Mots. Dismiss, Oct. 19, 2009, 6 (citing *Pedreira v. Kentucky Baptist Homes for Children, Inc.*, No. 08-5538, 2009 WL 2707226, at *5 (6th Cir. Aug. 31, 2009).  More specifically, the Magistrate Judge considered Plaintiff's factual contentions offered in its Response brief to Defendants' Motions to Dismiss.  Plaintiff has made additional assertions in its Objections to the Report and Recommendation.  For instance, Plaintiff states that it "sent a surveyor to assess the accessibility of apartment complexes such as Woodglen Village."  Objs. to Report, Oct. 30, 2009, 10.  Because Defendants' Motions are brought pursuant to Rule 12(b)(1) and challenge Plaintiff's standing facially, the Court will confine its analysis to the Amended Complaint and declines to consider Plaintiff's unsupported statements offered outside of its pleadings.

MCIL has appropriate standing to pursue the instant claims.[23]

Plaintiff objects that nothing in the Federal Rules of Civil Procedure or Local Rules of Court require a moving party to attach a proposed amendment to a motion to amend its pleadings. Otherwise, Plaintiff argues that leave to amend should be freely granted.

The Court finds Plaintiff's objection to be without merit. The Sixth Circuit has held that a motion for leave to amend under Rule 15(a) is governed by Rule 7(b), which states that a motion "shall state with particularity the grounds for seeking the order."[24] Where a party seeking leave to amend does so "in a single sentence without providing grounds or a proposed amended complaint to support" the request, the Sixth Circuit has held that the party fails to state the grounds for relief with particularity.[25] More specifically, "a bare request in an opposition to a motion to dismiss. . . without any indication of the particular grounds on which amendment is sought" is insufficient.[26] In this case, Plaintiff stated on the last page of its Response in Opposition to Defendants' Motions to Dismiss, "In the alternative, if the Court finds that the Plaintiffs (sic) failed to provide any necessary elements in their allegations, the Plaintiffs respectfully request leave to amend the Complaint." The Court finds that this statement is exactly the type of "bare allegation" the Sixth Circuit has held to be inadequate as a motion for purposes of Rules 7(b) and 15(a). Therefore, the Court **ADOPTS** the portion of the Magistrate Judge's Report and Recommendation to deny the request to amend.

---

[23] Report on Defs.' Mots. Dismiss, Oct. 19, 2009, 8.

[24] *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

[25] *Id*.

[26] *Id*. (citing *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Having found no error in the Magistrate's recommendation to grant Defendants' Motions to Dismiss and to deny Plaintiff's request for leave to amend, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:   January 7th, 2010