IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **MEMPHIS CENTER FOR** ) | |
| **INDEPENDENT LIVING,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| v. ) | No. 09-2121-STA-cgc |
|  ) | |
| **WOODGLEN VILLAGE** ) | |
| **APARTMENTS PARTNERSHIP,** ) | |
| **BRUCE LARSON, CAROMA** ) | |
| **CONSTRUCTION COMPANY, INC.,** ) | |
| **READY ARCHITECT ASSOCIATION,** ) | |
| **MCCASKILL & ASSOCIATES,** ) | |
|  ) | |
| **Defendants.** ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**
_____

Before the Court is Plaintiff's Motion to Vacate Judgment (D.E. # 29) filed on February 5, 2010. The Court adopted the Magistrate Judge's report and recommendation that Plaintiff's Amended Complaint be dismissed for lack of standing on January 8, 2010. The Court concluded that Plaintiff had failed to allege its injury in fact with the requisite particularity pursuant to Rule 12(b)(1). Judgment was entered January 26, 2010.

In the Motion before the Court, Plaintiff correctly points out that the Court granted dismissal in favor of Defendants Woodglen Village Apartments Partnership, Bruce Larson, and Caroma Construction Company, Inc. Similar motions to dismiss were never filed by Defendants Ready Architect Association ("Ready") or McCaskill and Associates ("McCaskill"). Therefore, Plaintiff asks the Court to vacate its judgment and permit Plaintiff to prosecute its claims against

1

Ready and McCaskill.

The Court finds Plaintiff's Motion unpersuasive. As an initial matter, Plaintiff has never demonstrated that it perfected service on either Ready or McCaskill. According to the docket, summons was re-issued on April 7, 2009, putting this case well beyond Rule 4(m)'s 120-day limit for service.[1] To date Plaintiff has never filed proof of service nor sought entry of default against these remaining Defendants. Neither Ready nor McCaskill has ever filed a responsive pleading or appeared to defend against Plaintiff's claims. More importantly, the Court concluded in its previous Order that Plaintiff lacked standing to assert any of the claims set forth in the Amended Complaint because Plaintiff had not sufficiently pled injury in fact. Standing is "the threshold question in every federal case."[2] Furthermore, standing is jurisdictional and not subject to waiver.[3] It necessarily follows that Plaintiff's lack of standing precludes it from prosecuting the claims in its Amended Complaint as to all of the named Defendants, not just the Defendants who moved to dismiss. Therefore, Plaintiff's Motion to Vacate is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 12th, 2010.

---

[1] *See* Fed. R. Civ. P. 4(m).

[2] *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

[3] *Lewis v. Casey*, 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).